[No. 8751. Department One. December 10, 1910.]

O. S. LEWIS, *Respondent*, v. CONTINENTAL CASUALTY COMPANY, *Appellant*.[1]

DEATH— INSURANCE — ACCIDENTAL DEATH—INJURIES—EVIDENCE— SUFFICIENCY. In an action on an accident insurance policy precluding recovery for death by drowning, there is no sufficient proof that the insured received a personal bodily injury through external, violent, or accidental causes other than drowning, and that her death resulted from injury, where she went down with the vessel and was seen no more, and it was merely shown that when the vessel sank head first into the sea, other passengers near the insured were thrown violently against the deck and received severe bodily injuries, one rescued passenger having died from such injuries.

Appeal from a judgment of the superior court for King county, Albertson, J., entered June 24, 1909, upon the verdict of a jury rendered in favor of the plaintiff, in an action on an accident insurance policy. Reversed.

*Manton Maverick, Gill, Hoyt & Frye*, and *R. L. Blewett*, for appellant.

*B. B. Moser, E. E. Simpson*, and *H. T. Granger*, for respondent.

[1]Reported in 112 Pac. 91.

FULLERTON, J.—The appellant, an accident insurance company, issued a policy of insurance to one Mabel B. Lewis, whereby it promised that in the event the insured, while the policy was in force, should receive personal, bodily injury, through external, violent and purely accidental causes, and death should result necessarily and solely from such injury within ninety days after the accident, the company would pay the beneficiary named in the policy the sum of $2,500. The policy contained certain conditions, among which was one to the effect that it did not "cover death . . . which results wholly or in part, directly or indirectly, . . . from drowning." After procuring the policy, the appellant took passage on the steamer "Columbia," from San Francisco, California, to Portland, Oregon. While the steamer was en-route and some fifteen miles off the coast of California, it collided with another steamer, known as the "San Pedro," and sank. The insured perished in the accident, which occurred during the life of the policy. The respondent was the husband of the insured and was named in the policy as the beneficiary thereof. After his wife's death, he made proof thereof to the appellant company and demanded payment of the sum named in the policy. Payment was refused, and this action was begun to recover the same. The cause was tried before the court sitting with a jury, and resulted in a verdict and judgment in favor of the respondent. This appeal was taken therefrom.

While a number of questions are presented by the record, we have found it necessary to notice but one, since we conclude it to be fatal to the respondent's right to recover. By the terms of the policy it was incumbent upon the respondent to allege and prove that his wife received a personal, bodily injury, through external, violent and purely accidental causes, and that her death resulted necessarily and solely from such injury. The evidence introduced to meet this requirement was the evidence of the respondent himself. He testified that, immediately following the collision, some person alarmed the

sleeping passengers, directing them to take life preservers and go on deck, that he and his wife obeyed the call, ascending to the deck by a stairway that took them to the stern of the vessel, and that just as they reached the deck the vessel sank head first into the sea. He testified that up to that time his wife had received no personal, bodily injury of any kind, that she went down with the vessel and was seen no more, her body never having been recovered. He testified further, however, that as the vessel sank he was within reaching distance of his wife; that he was thrown by the water against the hurricane deck and received severe bodily injuries; that of the passengers rescued with him and brought to shore in the same lifeboat, one, a man, died on the way in; that most of the others in the boat were more or less hurt; and that he saw still others in the hospital who were injured.

It is the contention of the respondent that it is reasonably inferable from the evidence that the insured met with a personal, bodily injury at the time of the sinking of the vessel, and that such bodily injury was the proximate cause of her death; or, at least, that the evidence tended to prove that fact, and it was for the jury to draw the deduction. But we think these proofs fall far short of making a case for the respondent. The fact that certain persons aboard the steamer met with personal, bodily injuries when the vessel sank, might raise a presumption that another person who had received bodily injuries obtained them from the same cause, were the causes of the injuries a matter of inquiry, but we think it can raise no presumption that another person perishing by the accident, the cause of whose death is unknown, perished because of having received personal, bodily injuries, especially since there was an all sufficient cause for the death aside from personal, bodily injuries; namely, by drowning.

We have not felt it necessary to review the cases cited by the respondent to sustain his contention. In the main they are cases where it was shown beyond controversy that the insured did receive a personal, bodily injury, and the question was

whether the injury or some intermediate agency was the proximate cause of death. Manifestly these cases are not parallel to the case at bar. Here there was no competent proofs of injury, much less was it proven that the death of the insured resulted necessarily and solely from such injury.

. The judgment appealed from is reversed, and remanded with instructions to enter a judgment in favor of the defendant, appellant in this court.

RUDKIN, C. J., GOSE, CHADWICK, and MORRIS, JJ., concur.